**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-14447-CIV-LEIBOWITZ/MAYNARD**

**KINSALE INSURANCE COMPANY,**

**Plaintiff,**

**v.**

**VILLA DEL SOL, INC., *et al.*,**

**Defendants.**
_________________________________/

**REPORT AND RECOMMENDATION ON MOTION TO DISMISS THE COMPLAINT OR STAY THE CASE**

**THIS CAUSE** is before me upon Defendant Villa Del Sol, Inc.'s Motion to Dismiss the Complaint or Stay the Case ("Motion"). DE 67. Plaintiff filed a response in opposition. DE 81. Presiding U.S. District Judge David S. Leibowitz referred the Motion to me for a report and recommendation. DE 82. For the following reasons, I respectfully recommend that the Motion, DE 67, be **GRANTED IN PART and DENIED IN PART**.

## BACKGROUND

This insurance coverage dispute arises out of several underlying state-court actions concerning the evacuation of condominium buildings owned by Defendant Villa Del Sol, Inc. ("Villa Del Sol"). Because Villa Del Sol raises a facial challenge to subject matter jurisdiction, I accept the Complaint's well-pled factual allegations as true. *Souto v. Fla. Int'l Univ. Found., Inc.*, 446 F. Supp. 3d 983, 987 (S.D. Fla. 2020).

Villa Del Sol owns a condominium complex. DE 1 at 3. After a routine inspection, AB Plus Engineering & Restoration, Inc. reported on December 19, 2022, that it had observed cracks

and other structural damage to the condominium buildings and recommended immediate repairs. *Id.* at 9–11. Villa Del Sol did not resolve all of the identified structural issues. *Id.*

On August 8, 2024, AB Plus inspected the buildings again, finding that some were structurally unsound and recommending emergency evacuation. *Id.* Villa Del Sol followed that recommendation and evacuated the residents of four condominium buildings[1] on the same day. *Id.* at 15.

Approximately two months later, on October 17, 2024, Kinsale Insurance Company ("Kinsale") issued Villa Del Sol a surplus lines commercial general liability policy (the "Policy") effective through October 17, 2025. DE 1 at 19.

Between January and June 2025, numerous condominium owners who had been displaced by the evacuation filed state-court actions against Villa Del Sol and Advantage Property Management, LLC ("Advantage"). DE 1 at 15–16. Those complaints allege that Villa Del Sol and Advantage failed to maintain the condominium's common elements and failed to warn the owners of the need for repairs. DE 1 at 15–17; DE 1-4 at 2–447. They further allege that the evacuated units have remained uninhabitable since August 8, 2024, resulting in diminished property values and the "stigmatiz[ation]" of the property. *See, e.g.*, *id.* at 5. Kinsale is currently defending Villa Del Sol and Advantage in those actions under a reservation of rights. DE 1 at 19.

On December 18, 2025, Kinsale filed a Complaint under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, against Villa Del Sol, Advantage, and the condominium owners who had filed the underlying state actions. DE 1. Kinsale seeks declarations that the claims asserted in the underlying litigation are not covered by the Policy and, consequently, "Kinsale has no duty to

---

[1] The Complaint is unclear as to whether AB Plus's findings of structural damage related to buildings 3 through 6 or only buildings 3 through 5. *Compare* DE 1 at 9, 15 (referring to buildings 3 through 6) *with id.* at 12 (referring to buildings 3 through 5). However, this factual question is immaterial to resolution of the Motion.

defend." *Id.* at 22, 25, 28, 30, 33, 35. After filing the Complaint, Kinsale voluntarily dismissed all but two of the unit-owner defendants based on stipulations that the state-court claims were not covered by the Policy. DE 54, DE 55, DE 62, DE 63.

Villa Del Sol now moves to dismiss the Complaint or, alternatively, to stay the action. DE 67. Villa Del Sol argues that Kinsale's claims concerning its duty to indemnify are not ripe because liability has not yet been determined in the underlying state litigation. DE 67 at 2–3, 6–7. Though Villa Del Sol acknowledges that in Florida, an insurer's duty to defend ordinarily can be decided from the allegations of the underlying complaints, it contends that because Kinsale has intertwined its requests for declarations on its duties to defend and indemnify, the entire action must be dismissed for lack of subject matter jurisdiction. *Id.* at 6. Alternatively, Villa Del Sol asks the Court to stay this action until the underlying state actions are resolved. *Id.* at 2–3, 7.

Kinsale agrees that its duty-to-indemnify claims are not presently ripe. DE 81 at 5. It argues, however, that its duty-to-defend claims are ripe for adjudication and asks the Court to stay the duty-to-indemnify claims rather than dismiss the action in its entirety. *Id.* at 3–5.

## **LEGAL STANDARD**

Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The plaintiff bears the burden of establishing subject matter jurisdiction. *Duque Mendez v. Cuccinelli*, 467 F. Supp. 3d 1249, 1254 (S.D. Fla. 2020). Courts lack jurisdiction over claims that are not ripe. *Church & Tower, Inc. v. Miami-Dade Cnty., Fla.*, 11 F. Supp. 2d 1376, 1378 (S.D. Fla. 1998) (citing *Digital Props., Inc. v. City of Plantation*, 121 F.3d 586 (11th Cir. 1997)).

A motion under Federal Rule of Civil Procedure 12(b)(1) may present either a facial or factual challenge to subject matter jurisdiction. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). A facial challenge requires the court to accept the complaint's allegations as true and determine if they sufficiently invoke federal jurisdiction. *Souto*, 446 F. Supp. at 987.

**DISCUSSION**

Villa Del Sol moves to dismiss this action for lack of subject matter jurisdiction, arguing that Kinsale's claims for declaratory relief are not yet ripe. Alternatively, Villa Del Sol asks the Court to stay the case pending resolution of the underlying state actions.

The Motion presents a narrow issue. Although Villa Del Sol acknowledges that Kinsale's duty-to-defend claims are ripe, it argues that because the Complaint seeks declarations regarding both Kinsale's duties to defend and indemnify, the entire action must be dismissed for lack of subject matter jurisdiction. The governing case law does not support that position.

"[I]t is customary to retain ripe controversies while unripe claims . . . are stayed." *Hartford Fire Ins. Co. v. Weathertrol Maintenance Corp.*, 2017 WL 5643298, at *4 (S.D. Fla. Feb. 21, 2017). Accordingly, "[w]hen a premature request for declaratory relief regarding the duty to indemnify is joined to a ripe request for declaratory relief regarding the duty to defend, a well-accepted practice is to retain jurisdiction over the latter request and stay, but not dismiss, the premature request." *Id.* This Court has previously done so in materially similar circumstances. *See Arch Specialty Ins. Co. v. Sieres Vela*, 2020 WL 3086024, at *2–3 (S.D. Fla. Mar. 13, 2020) (staying unripe question as to duty to indemnify while allowing claims to proceed as to duty to defend); *Arch Specialty Ins. Co. v. Sieres Vela, et al.*, 19-cv-22294, Complaint, DE 1 at 9–11, 13–14 (S.D. Fla. June 4, 2019) (seeking declarations regarding both the duty to defend and the duty to

indemnify). Therefore, I will separately consider Kinsale's requests for declaratory relief regarding its duty to defend and its duty to indemnify.

**I. Duty to Defend**

Florida law provides that an insurer's duty to defend is determined from the allegations in the underlying pleadings. Accordingly, a declaratory judgment claim regarding the duty to defend is "ripe prior to the adjudication of the underlying suit." *Nautilus Ins. Co. v. Captain Pip's Holdings, LLC*, 2025 WL 2111805, *2 (11th Cir. July 29, 2025) (citation omitted). That does not mean, however, that Kinsale is necessarily entitled to the relief it seeks. As was previously explained in *Arch*, although the Court is well-equipped to adjudicate claims regarding an insurer's duty to defend, it cannot do so where the motion before it "does not adequately address whether the [underlying complaints allege] facts that 'fairly and potentially bring the suit within [the Policy's] coverage.'" *Arch*, 2020 WL 3086024, at *2 (citation omitted). Villa Del Sol's Motion raises only the jurisdictional issue presently before the Court. The parties remain free to litigate the merits of Kinsale's duty-to-defend claims through summary judgment.

**II. Duty to Indemnify**

On the other hand, "an insurer's duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the underlying suit." *Hartford*, 2017 WL 5643298, at *5 (citation and internal quotation marks omitted). In an unpublished, and therefore nonbinding, opinion, the Eleventh Circuit has suggested narrow exception to this rule when "the 'practical likelihood' of undetermined contingent facts should be 'almost inevitable.'" *Medmarc Cas. Ins. Co. v. Fellows Labriola LLP*, 2025 WL 2886733, at *4 (11th Cir. Oct. 10, 2025) (quoting *GTE Directories Pub. Corp. v. Trimen Am., Inc.*, 67 F.3d 1563, 1569 (11th Cir.

1995)). In other words, a duty-to-indemnify claim may be ripe notwithstanding ongoing underlying litigation where the facts giving rise to such liability are all but certain.

That exception does not apply here. "Resolution of the underlying state actions will require, among other things, determinations regarding Villa Del Sol's duty of care, whether it breached that duty, whether any such breach caused the unit owners' alleged damages, and whether those damages are compensable. Until those issues are resolved, Villa Del Sol's liability remains uncertain, and Kinsale's duty-to-indemnify claims are not ripe.

If this Court ultimately determines that Kinsale has no duty to defend, "it will necessarily have no duty to indemnify." *Arch*, 2020 WL 3086024, at *2. Accordingly, the duty-to-indemnify claims should be stayed pending either resolution of the underlying state actions or a determination by this Court that Kinsale has no duty to defend. *See id.* ("Accordingly, the question of whether Arch has a duty to indemnify Defendants is stayed pending a determination on its duty to defend and/or the conclusion of the Underlying Action.").

## CONCLUSION

For the foregoing reasons, I respectfully **RECOMMEND** that Villa Del Sol's Motion, DE 67, be **GRANTED IN PART and DENIED IN PART** in keeping with this Court's "well-accepted practice." *Hartford*, 2017 WL 5643298, at *5 (citations omitted). Specifically, I recommend as follows:

1. Kinsale's motion to dismiss the Complaint should be **DENIED**.
2. Kinsale's motion to stay the case should be **GRANTED IN PART AND DENIED IN PART**. I recommend that the Court stay the case only as to Kinsale's duty-to-indemnify claims pending resolution of the underlying state litigation or a decision from this Court that Kinsale has no duty to defend.

**NOTICE OF RIGHT TO OBJECT**

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge David S. Leibowitz. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 31st day of July, 2026.

Shaniek Maynard

SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE