**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 2:25-cv-14447-LEIBOWITZ/MAYNARD**

**KINSALE INSURANCE COMPANY,**

*Plaintiff,*

*v.*

**VILLA DEL SOL, INC., *et al.*,**

*Defendants.*
___________________________________/

**ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court upon the Report and Recommendation by United States Magistrate Judge Shaniek Mills Maynard [ECF No. 128] (the "R&R"), filed on July 31, 2026, recommending that Defendant Villa del Sol, Inc.'s Motion To Dismiss [ECF No. 67] (the "Motion") be GRANTED IN PART and DENIED IN PART. [*Id.* at 1, 6]. The undersigned previously referred the Motion to U.S. Magistrate Judge Maynard for a report and recommendation, consistent with 28 U.S.C. § 636(b)(1)(B), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of the Local Magistrate Judge Rules. [ECF No. 82]. Plaintiffs and Defendant Villa del Sol, Inc., each filed a Notice of No Objection to the R&R [ECF Nos. 133, 135]. However, non-movants and interested *pro se* parties, Allan H. Kalish and Sharon Kalish, filed a "Limited Objection" to the R&R, asking that the Court not construe the R&R to "permit broad merits discovery in this federal coverage action while the Court decide the duty-to-defend issues." [ECF No. 129 at 1]. The Kalishes "do not object to the Report's recommendation that the duty-to-indemnify claims be stayed." [*Id.*].

Plaintiff has responded to the Kalishes' "Limited Objection" by pointing out that they are not movants and did not join in Defendant's motion, so they lack standing to file an objection to the R&R. [ECF No. 136 at 2–4 (citing *Safety Cas. Ins. v. Condor Assocs., Ltd.*, 129 Fed. Appx. 540, 542 (11th Cir. 2005); *Francis v. API Tech. Servs., LLC*, No. 4:13-CV-627, 2014 WL 11462449, at *4 (E.D. Tex. Sept.

11, 2014); *Dawson v. Newman*, 419 F.3d 656, 659–60 (7th Cir. 2005); *United States v. Ritchie*, No. 2:15-cr-00285-APG-PAL, 2018 WL 6571198, at *2 (D. Nev. Dec. 13, 2018))]. Moreover, even if properly asserted, Plaintiff maintains the Kalishes' objections improperly fall outside of the scope of the R&R. [ECF No. 136 at 4–5 (citing *Butler v. Saul*, No. 2:19-cv-331, 2021 WL 615241, at *2 (M.D. Fla. Feb. 17, 2021) ("a party objecting an R&R is required to make specific objections to the R&R's factual or legal conclusions."); *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (noting that objections to an R&R "must specifically identify those findings objected to."); *Coppola v. Casaro Labs., Ltd.*, No. 12-81163 CIV, 2014 WL 12515258, at *1 (S.D. Fla. May 16, 2014) (declining to consider objections to Report and Recommendation because "none of the objections address any portion of the report but rather assert new arguments that were not presented to the magistrate judge."))]. The Court agrees with Plaintiff on all points. The Court will not consider the Kalishes' improperly asserted objections.

**LEGAL STANDARD**

After conducting a review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by a magistrate judge, the district court must conduct a *de novo* review with respect to that factual issue. *See Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions *de novo*, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019). To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error. *Macort v. Prem. Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (quoting *Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir. 1999)).

## CONCLUSION

Accordingly, in the absence of any proper objection, it is hereby **ORDERED AND ADJUDGED**:

1. Except for the typographical errors on page 6 ¶¶ 1 & 2 of the R&R, where Kinsale is incorrectly identified as the movant on Defendant's motion to dismiss, the Magistrate Judge's Report and Recommendation [ECF No. 128] is ADOPTED and AFFIRMED and made a part of this Order for all purposes.

2. Defendant Villa del Sol, Inc.'s Motion to Dismiss [**ECF No. 67**] is **GRANTED IN PART** and **DENIED IN PART**.

   a. Defendant's motion to stay the case is GRANTED. Plaintiff's no-duty-to-indemnify claims (Counts I-VI) of the Complaint [ECF No. 1] are STAYED pending resolution of the underlying state court action.

   b. Defendant's motion to dismiss the Complaint is DENIED.

**DONE AND ORDERED** in the Southern District of Florida on August 18, 2026.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record